```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
PATRICK CHURCHVILLE,                )
                                    )
            Petitioner,             )    Cr. No. 16-68 WES
                                    )
      v.                            )
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )
_____ )
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant Churchville's Motion to vacate, set aside, or correct his sentence. (ECF No. 31.) The Government has filed a Response in Opposition. (ECF No. 35.) For the reasons that follow, the Motion is DENIED.

I.  Background

On August 4, 2016, Churchville pleaded guilty to five counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of tax evasion, in violation of 26 U.S.C. § 7201. (Resp. in Opp'n to Mot. to Vacate "Response" 2.) On March 16, 2017, the Court sentenced Churchville to eighty-four months' imprisonment, followed by three years of supervised release and 2000 hours of community service. (Response 2.) Pursuant to the terms of his plea agreement, Churchville waived his right to appeal. (Plea Agreement ¶ 12, ECF No. 2.) Churchville timely filed the instant Motion.

II. Discussion

Churchville argues that the 2000-hour community service requirement imposed by the Court is unlawful. To support his argument, he points to the 2014 Guideline Manual, which in relevant part states, "Community service generally should not be imposed in excess of 400 hours. Longer terms of community service impose heavy administrative burdens relating to the selection of suitable placements and the monitoring of attendance." U.S. Sentencing Guidelines Manual § 5F1.3 cmt. n.1 (U.S. Sentencing Comm'n 2014).

This argument does not yield habeas relief. Unless a collateral attack on a sentence is constitutional or jurisdictional, it will succeed only if it results in "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); see United States v. Duval, 957 F. Supp. 2d 100, 106 (D. Mass. 2013). There is no fundamental defect here. Courts have routinely upheld impositions of community service in excess of 400 hours. See, e.g., United States v. Vega, 545 F.3d 743, 748 n.4 (9th Cir. 2008); United States v. El-Samad, 147 F.App'x 19, 22 (10th Cir. 2005). In fact, this Court has in the past imposed up to 1000 hours of community service. See United States v. Scavitti, No. 09-027-S, 2011 WL 3585057, at *1 (D.R.I. Aug. 12, 2011). And while 2,000 hours is substantially more than the 400-hour maximum, U.S. Sentencing Guidelines Manual § 5F1.3 "is directory in nature, and does not mandate that all community service sentences be for less

than 400 hours." El-Samad, 147 F. App'x at 22; see also United States v. Booker, 543 U.S. 220, 245-46 (2005) (holding that sentencing guidelines are advisory).

Churchville's petition also requests that the Court "review the results of the Receiver's investigation once they are complete" as they "may . . . expose 'fundamental defects.'" (Resp. to Gov. Opp'n 3, ECF No. 37.) This is not a cognizable claim under section 2255. See David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (listing four instances when post-conviction relief is available). Even if it were, "[t]he burden is on the petitioner [not the Court] to make out a case for section 2255 relief." Id.

III. Conclusion

For the foregoing reasons, Churchville's Motion (ECF No. 31) for section 2255 relief is DENIED.

_____
William E. Smith
Chief Judge
Date: June 28, 2018